Susan D. BEREDA, Appellant and
Cross–Appellee,

v.

PICKERING CREEK INDUSTRIAL
PARK, INC., Appellee and
Cross–Appellant.

Nos. 88–1202, 88–1248.

United States Court of Appeals,
Third Circuit.

Argued Sept. 15, 1988.

Decided Jan. 6, 1989.

Francis L. White, Jr. (argued), W. Mark Mullineaux, Duane, Morris & Heckscher, Paoli, Pa., for appellant and cross-appellee.

Terry W. Knox (argued), Susan J. Craig MacElree, Harvey, Gallagher & Featherman, Ltd., West Chester, Pa., for appellee and cross-appellant.

Before BECKER, HUTCHINSON and SCIRICA, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

This is an age and sex discrimination case in which both claims were tried to a jury in the district court pursuant to both parties' demand, notwithstanding that Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e (1982), and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.Stat.Ann. §§ 951 to 963 (Purdon 1964) & Pa.Stat.Ann. tit. 43, §§ 951 to 962.2 (Purdon 1988 Supp.), under which the sex discrimination claim was brought, do not provide for a jury trial as of right. The jury ultimately found that the defendant Pickering Creek Industrial Park, Inc. ("PCIP") had discriminated against the plaintiff Susan Bereda on the ground of sex in fixing her level of compensation for her position as real estate sales manager and awarded her back pay for what appears to be a period of seven years. In the course of its charge to the jury, however, the district court did not instruct the jury of the applicable statutory cap on the number of years for which a plaintiff may recover back pay damages in a sex discrimination case brought under Title VII or the PHRA.

After trial, the district court, realizing that the maximum period for which back pay damages are available under Title VII is two years (but ignoring the PHRA three-year cap), treated the jury's verdict as advisory and reduced the award of seven years of back pay damages to the two-year Title VII maximum. This appeal from the district court's final judgment presents three questions. First, on an issue not triable by a jury as a matter of right which was submitted to the jury on the parties' understanding that its verdict would nevertheless be binding, does Federal Rule of Civil Procedure 39(c) prevent a district court from ruling that it will treat a jury verdict as advisory after the jury has returned its verdict? We conclude that it does.

Second, in a case in which the defendant failed to object to jury instructions omitting statutory caps on back pay recovery in a sex discrimination suit, should the court of appeals set aside the jury's verdict under the plain error doctrine or should the defendant be held to its failure to object to the instructions? We conclude that the plain error doctrine should be applied. Applying the plain error doctrine to the court's failure to charge the jury on the relevant backpay cap, we will vacate the district court's judgment on the issue of

damages and remand for a new trial on damages.

Third, when the parties have requested and the district court has determined that a case will be tried by a jury rendering a nonadvisory verdict pursuant to Rule 39(c), should the court of appeals, remanding the case to the district court because of trial errors, require the second trial to be conducted by a nonadvisory jury, if at least one of the litigants still desires a nonadvisory jury? We conclude that the second trial should be conducted before a nonadvisory jury in this circumstance.

## I. FACTS AND PROCEDURAL HISTORY

PCIP dismissed Bereda from her position as sales manager on September 13, 1985. She thereupon filed an age and sex discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Upon receipt of right to sue letters from both the EEOC and the PHRC, Bereda filed an action against PCIP in the district court, charging age and sex discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1982 & Supp. IV 1986) ("ADEA"), Title VII, and the PHRA. Bereda also pled claims for wrongful discharge and breach of contract. On appeal, Bereda has asserted entitlement to recovery under the Equal Pay Act, 29 U.S.C. § 206(d) (1982), although she never raised this claim in the district court.

Bereda had been working for PCIP since February 2, 1979, when she was hired at an annual salary of $15,000 plus commissions. At the time of her dismissal in 1985, Bereda was forty-two years old. Her salary had risen to $19,100 per year, and she was earning $25,686 per year including commissions. While Bereda did not have a college degree, she attended Dickinson College for a time and had her real estate sales license since 1973. One month before Bereda was dismissed, PCIP hired Peter Schultz as sales manager. Schultz was a twenty-three year-old male college graduate with one year of experience in the real estate business. During his first year at PCIP, Schultz received $33,540.

Both parties demanded a jury trial, and the case was tried to a jury. The jury found in a special verdict that neither age nor sex was a determinative factor in Bereda's dismissal, that age had not affected her remuneration, but that PCIP had discriminated against her on the basis of her sex in setting her compensation level. The jury denied Bereda front pay damages, but awarded her $55,000 back pay damages. Bereda had argued that she was entitled to the difference between her 1985 pay and that of Schultz, $7,854, for each of the approximately seven years she had worked at PCIP.

Although the defendant raised the issue for the first time in post-trial motions, the district court suggested that it would be "plain error" to sanction the jury's award because 42 U.S.C. § 2000e–5(g) caps back pay under Title VII at two years prior to the filing of the complaint and the jury had not been instructed as to the cap. The court held that the jury's verdict was advisory with respect to the sex discrimination claim and adopted the jury's finding that PCIP had engaged in sex discrimination, but reduced Bereda's back pay award to the salary differential computed from two years prior to the filing of her claim with the EEOC. In the period from October 23, 1983, to September 13, 1985, this amounted to $15,124. This appeal and cross-appeal followed.

In her appeal, Bereda submits that the district court violated Federal Rule of Civil Procedure 39(c) by announcing that it would treat the jury's verdict as advisory after the jury returned its verdict. She also asserts that PCIP waived any right it had to the statutory restrictions on back pay awards by failing to raise them until post-trial motions, having allowed jury instructions omitting back pay caps to go forward without objection.[1]

1. PCIP's cross-appeal contends that the district court should have granted its motion for judgment n.o.v. or, in the alternative, should have limited Bereda's back pay recovery to the one-

## II. TRIAL BY JURY BY CONSENT

■ Both parties requested a jury trial.[2] Although Bereda had a right to a jury trial with respect to her age discrimination claim, 29 U.S.C. § 626(c)(2), neither Title VII nor PHRA provide for trial by jury as a matter of right. *Lehman v. Nakshian*, 453 U.S. 156, 164, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981) (Title VII); Pa.Stat.Ann. tit. 43, § 962(c) (PHRA). Federal Rule of Civil Procedure 39(c) governs requests for jury trials in cases in which the parties do not have a jury trial as of right:

In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or ... the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

Fed.R.Civ.P. 39(c).

■ While neither Bereda nor PCIP expressly consented to a trial with a nonadvisory jury under Rule 39(c), such express consent is not required. "If one party demands a jury, the other parties do not object, and the court orders trial to a jury, this will be regarded as trial by consent." C. Wright & A. Miller, 9 *Federal Practice and Procedure* § 2333 (1971); *see Stockton v. Altman*, 432 F.2d 946, 949–50 (5th Cir.1970), *cert. denied*, 401 U.S. 994, 91 S.Ct. 1232, 28 L.Ed.2d 532 (1971). Since Bereda and PCIP both requested a jury trial and the subject of an advisory jury was never mentioned at any time during the proceedings, Bereda and PCIP must be deemed to have consented to a trial by a nonadvisory jury under Rule 39(c). The Rule 39(c) question presented in this case is at what stage in a case tried by a nonadvisory jury by the demand of both parties must the presiding judge indicate that the jury's verdict is only advisory and not a verdict with "the same effect as if trial by jury had been a matter of right."

■ The language of Rule 39(c) suggests that the district court may rule, in a case not triable by a jury as a matter of right, that it will treat the jury's verdict as advisory even though the litigants have indicated that they would prefer a nonadvisory jury verdict: Rule 39(c) states that the court "may" order a trial with a nonadvisory jury verdict if each party has consented. The only reasonable construction of this provision, however, is that the district court does not have complete discretion in deciding when it may make this ruling. Were a district judge able to indicate that it would treat the jury's verdict as advisory *after* the jury had returned its verdict, as in the instant case, the part of Rule 39(c) allowing for a nonadvisory jury in cases not triable of right by a jury would be effectively excised from the Rule in such a case. All jury verdicts in cases not triable by right by a jury would effectively be advisory, as the district judge could always rule that the verdict was advisory if the judge did not agree with the jury's verdict.

---

month period during which she was paid less than a male PCIP employee doing similar work. PCIP's cross-appeal of the denial of its j.n.o.v. motion is without merit. There is sufficient evidence from which the jury could have concluded that PCIP had discriminated against Bereda on the basis of her sex. PCIP's argument that the district court should have limited Bereda's back pay recovery to the one-month period during which both Bereda and Schultz were on the payroll fails because a sex-based wage discrimination claim under Title VII can be brought "even though no member of the opposite sex holds an equal but higher paying job...." *County of Washington v. Gunther*, 452 U.S. 161, 168, 101 S.Ct. 2242, 2247, 68 L.Ed.2d 751 (1981). Under the circumstances of this case the jury could construe Schultz's higher salary as constituting evidence of discrimina-

tion not limited to the one month in which his employment overlapped with Bereda's.

The wrongful discharge and breach of contract claims stated in Bereda's complaint never went to the jury and are not at issue on appeal. Nor did Bereda appeal the jury's findings that PCIP did not fire her because of sex discrimination and did not discriminate against her on the basis of her age.

2. The demand for a jury trial in Bereda's complaint is clear. The demand in PCIP's answer, on the other hand, consists simply of the phrase "JURY TRIAL DEMANDED" in the caption of the answer. This phrase is somewhat ambiguous, as it might merely acknowledge that the plaintiff has demanded a jury trial. In response to a question at oral argument, however, counsel for PCIP stated that this phrase in his answer did constitute a demand for a jury trial.

We find apt the Sixth Circuit's discussion of a similar issue in *Hildebrand v. Board of Trustees*, 607 F.2d 705 (6th Cir.1979):

> [C]onsiderations of fundamental fairness and judicial economy militate against th[e] view [that it is proper to abort a jury trial and convert the proceedings into a bench trial under some circumstances]. Any good trial lawyer will testify that there are significant tactical differences in presenting and arguing a case to a jury as opposed to a judge. To convert a trial from a jury trial to a bench trial (or vice versa) in the middle of the proceedings is to interfere with counsel's presentation of their case and, quite possibly, to prejudice one side or the other.

*Id.* at 710. *Cf. Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir.1981) ("There are frequently significant tactical differences in presenting a case to a court [with an advisory jury], as opposed to a jury. The parties are entitled to know at the outset of the trial whether the decision will be made by the judge or the jury.").

Because considerations of fairness to the litigants indicate that Rule 39(c) should not be interpreted to allow a district judge to rule a jury verdict advisory after the parties have begun to implement their trial plan, we hold that when the litigants have consented to a nonadvisory jury under Rule 39(c), a district court must notify both sides of a jury's advisory status no later than the time at which the jury selection has begun. This interpretation of Rule 39(c) is consistent with its language, does not unduly limit the discretion of the district judge to reject a request by the litigants to try their case to a nonadvisory jury, and promotes fair judicial administration. The parties to the case will be able to proceed with trial with the knowledge of whether a jury or a judge assisted by an advisory jury will hear the evidence, and they will have been able to conduct voir dire with the knowledge of the role the jury will play in the case.

The district court violated Rule 39(c) in this case when it ruled that the jury was advisory after the verdict had been returned. Hence, as a matter of law, the jury in this case was not advisory. The question remains whether, even though the jury's verdict was not advisory, the district court acted properly in reducing the back pay award.

## III. THE "PLAIN ERROR" DOCTRINE

Under Federal Rule of Civil Procedure 51 "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." There is, however, a judicially created exception to Rule 51, the plain error doctrine. In *United States v. 564.54 Acres of Land*, 576 F.2d 983 (3d Cir.1978), *rev'd on other grounds*, 441 U.S. 506, 99 S.Ct. 1854, 60 L.Ed.2d 435 (1979), we explained that:

> [W]e have the discretion to review instructions *sua sponte* if the error is fundamental and highly prejudicial or if the instructions are such that the jury is without adequate guidance on a fundamental question and our failure to consider the error would result in a miscarriage of justice.

*Id.* at 987; *see also* 5A *Moore's Federal Practice* ¶ 51.04 (1988) (Application of plain error doctrine appropriate when "reversal is required to prevent a miscarriage of justice."). Even though the jury below sat as if trial by jury were as a matter of right and even though PCIP did not object to the jury instructions when they were given, the award of damages may still be reduced if the district court gave jury instructions so fundamentally erroneous that the verdict requires correction under the plain error doctrine.

The plain error that the district court recognized in its own jury instructions and sought to remedy by treating the jury as advisory was the failure to instruct the jury that only two years of back pay damages are allowable under Title VII. Under the court's instructions, the jury award could have reflected, for example, seven years of back pay damages when, according to the court, only two years of back pay damages were available. Bereda maintains

on appeal that the Title VII restriction on back pay damages is not a cap but a statute of limitations, which was waived when PCIP failed to raise it at trial. Bereda asserts that she is also entitled to the jury's full $55,000 award of damages under the Equal Pay Act and the PHRA.

Title VII includes the provision that "[b]ack pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission." 42 U.S.C. § 2000e–5(g). This constitutes a limit on liability, not a statute of limitations, and has been interpreted as a cap on the amount of back pay that may be awarded under Title VII. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 410 n. 3, 95 S.Ct. 2362, 2368 n. 3, 45 L.Ed.2d 280 (1975); *Laffey v. Northwest Airlines, Inc.,* 740 F.2d 1071, 1094 (D.C.Cir.1984), *cert. denied,* 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed. 2d 951 (1985); *Patterson v. Youngstown Sheet & Tube Co.,* 659 F.2d 736, 740 (7th Cir.), *cert. denied,* 454 U.S. 1100, 102 S.Ct. 674, 70 L.Ed.2d 641 (1981). The PHRA provides that "[b]ack pay liability shall not accrue from a date more than three years prior to the filing of a complaint charging violations of this act." Pa.Stat.Ann. tit. 43, § 962(c). This passage closely follows the wording of the cap on back pay imposed under Title VII, 42 U.S.C. § 2000e–5(g), except that PHRA caps back pay at three years while Title VII allows only two years of back pay.

Bereda has no legal right to more than two years back pay under Title VII or more than three years back pay under PHRA. In our view, it would be a fundamental error and a miscarriage of justice for this court to hold PCIP liable under Title VII or PHRA for more than the statutory caps provided for by these statutes. Although the district court erroneously applied Title VII's two-year cap (rather than PHRA's three-year cap) in its attempt to cure its error, we agree with the district court that it was plain error for it to omit the cap on PCIP's back pay liability in its jury instructions. *See Philadelphia & Reading Railway v. Marland,* 239 F. 1, 11, 16 (3d Cir. 1917) (Despite defendant's failure to object to jury instructions, plain error doctrine mandates reversal of damage award including funeral expenses and loss of companionship because neither of these items were recoverable under the Federal Employers' Liability Act.), *cert. denied,* 245 U.S. 671, 38 S.Ct. 191, 62 L.Ed. 540 (1918).

The district court should have instructed the jury that PCIP was liable for a back pay award to compensate Bereda for sex discrimination damages only during the three-year period preceding the filing of Bereda's complaint with the PHRC.[3]

## IV. RIGHT TO A NONADVISORY JURY ON REMAND

█ Given the plain error in the district court's jury instructions, we must remand for a new trial on the issue of damages. We are tempted simply to reduce the award to reflect the three-year PHRA back pay cap multiplied by the difference between Bereda's final level of compensation and Schultz's initial level of compensation. This was the theory of back pay damages presented by Bereda at trial, and the jury's award seems to reflect a multiplication of this differential by the seven years Bereda

---

**3.** We need not decide in this case whether 29 U.S.C. § 255(a) constitutes a statute of limitations or a cap on liability for purposes of the Equal Pay Act, 29 U.S.C. § 206(d). Bereda not only failed to assert an Equal Pay Act claim in her complaint or in subsequent proceedings in the district court; she also failed to object to PCIP's assertion at trial that "the Equal Pay Act has not been raised as one of the issues in this case." Transcript at 213.

worked for PCIP. In the absence of a special verdict on this point, however, we cannot be sure how the jury evaluated the damage evidence or how it arrived at its verdict.[4] Rather than recalculating the award to reflect our intuition as to how the jury arrived at its verdict, the proper procedure is to remand for a new trial on the issue of damages. *See Nissho–Iwai Co. v. Occidental Crude Sales, Inc.,* 729 F.2d 1530, 1548 (5th Cir.1984). This is not a case where it is apparent as a matter of law that certain identifiable sums included in the verdict should not have been there. *See* C. Wright & A. Miller, 11 *Federal Practice and Procedure* § 2815 at 99 (1973). We will therefore remand to the district court for a new trial on the issue of damages.[5]

■ The final issue we must face is whether the district court, on remand, has discretion to try the case without a jury (or with an advisory jury) rather than with a nonadvisory jury. While the question is not free from doubt, we believe the better view to be that when a trial is held with a nonadvisory jury pursuant to Rule 39(c) and a second trial becomes necessary due to problems with the first trial (that are unrelated to the validity of trying the case before a nonadvisory jury), Rule 39(c) does not permit the district court to withdraw its prior consent to the litigants' request for a nonadvisory jury. With respect to such an important element of the trial, a litigant should not be placed in a worse position than she would have been in but for the trial court's error. Only if both litigants on remand agree that the second trial should be held without a nonadvisory jury should the district court retry the case without a nonadvisory jury.

## V.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of the district court insofar as it determined that PCIP violated Title VII and PHRA by setting Bereda's compensation level so as to discriminate against her on the basis of her sex. We will reverse the district court's judgment as to Bereda's damages and remand for a new trial consistent with this opinion on the issue of damages.

---

**4.** Rather than awarding damages for the full seven years that Bereda worked for PCIP, for example, the jury might have awarded damages for only three years of discrimination and arrived at its figure on the assumption that Bereda, with superior experience to Schultz, would have been paid more than Schultz but for her sex. The jury might also have awarded damages for the full seven years but arrived at its damage figure by assuming that Bereda's damages were greater in the later years than in the earlier years.

**5.** Many cases refer to the Seventh Amendment in stating that a new trial is required when the jury's verdict cannot stand and damages cannot be determined as a matter of law. *See, e.g., Kennon v. Gilmer,* 131 U.S. 22, 28, 9 S.Ct. 696, 698, 33 L.Ed. 110 (1889). Consequently, one might argue that, because Bereda's right to a jury trial is based not on the Seventh Amendment but on Federal Rule of Civil Procedure 39(c), the new trial rule articulated in the Seventh Amendment context should not be applied to the instant case: the court should simply recalculate the damage award. We reject this argument. Rule 39(c) provides that Bereda's verdict "has the same effect as if trial by jury had been a matter of right." We therefore think it appropriate to apply the general rule prohibiting courts from recalculating erroneous jury awards where damages cannot be determined as a matter of law.