**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Appellee,**

v.

**GURNEE INN CORPORATION, d/b/a Holiday Inn of Gurnee, Defendant–Appellant.**

**No. 89–1524.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 24, 1990.

Decided Sept. 13, 1990.

Jean P. Kamp, Kathleen Mulligan, Charlie Hammel–Smith, E.E.O.C., Chicago, Ill., John F. Suhre, E.E.O.C., Washington, D.C., for plaintiff-appellee.

Paul W. Grauer, Schaumburg, Ill., for defendant-appellant.

Before BAUER, Chief Judge, RIPPLE and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

In 1987 the Equal Employment Opportunity Commission (EEOC) filed a complaint alleging that the defendant, Gurnee Inn Corporation (Gurnee), had engaged in sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to –17. Following a bench trial before a federal magistrate, the district court ruled in favor of the EEOC and granted relief to remedy Gurnee's unlawful employment practices. Gurnee does not contest the Title VII violations, but now appeals the relief granted by the district court.

I

BACKGROUND

Gurnee is an Illinois corporation that manages the Holiday Inn of Gurnee. From at least April 1982 to March 1985, Gurnee employed Walter Tinsley as its Food and Beverage Manager. On February 25, 1985, one of Gurnee's female employees filed a complaint with the EEOC charging that Tinsley had sexually harassed female workers and created a hostile and offensive work environment that had resulted in the constructive discharges of several employees. This suit followed. In its complaint, the EEOC sought injunctive relief and back pay with prejudgment interest for the victims of Tinsley's harassment. The testimony of eleven female former Gurnee employees who testified at trial established that Tinsley had engaged in a pattern of sexual harassment that spanned his entire tenure at Gurnee. Based on the largely uncontested testimony of these witnesses, the district court concluded that Tinsley had sexually harassed the complaining witnesses and that Gurnee was aware of Tinsley's conduct but did nothing to correct it. Accordingly, the district court found that Gurnee was liable for Tinsley's behavior and for the resulting hostile work environment and constructive discharges.

Based on its conclusion that Gurnee had violated Title VII, the district court, over Gurnee's objection to injunctive relief, prohibited Gurnee from engaging in future

discrimination and ordered Gurnee to adopt both a policy banning sexual harassment and a procedure to enforce that policy. The court also ordered Gurnee to compensate the eight former employees in the form of back pay and prejudgment interest. Gurnee claimed that all eight claimants failed, in whole or in part, to mitigate their damages. Gurnee also argued that three of the former employees were not entitled to back pay awards because they were fired or quit for reasons unrelated to Tinsley's conduct. Finally, Gurnee objected to the imposition of compounded prejudgment interest on the back pay awards. The court rejected these claims and ordered Gurnee to pay the former employees a total of $42,713.59 in back pay and $15,959.64 in prejudgment interest, compounded annually.

## II

## ANALYSIS

### A. *Injunctive Relief*

 Gurnee asserts that the injunctive relief ordered by the district court in this case is improper because only Tinsley engaged in discriminatory conduct. The defendant maintains that, once Tinsley was fired, such relief was not warranted. However, courts are given wide discretion in Title VII cases to fashion a complete remedy, which may include injunctive relief, in order to make whole victims of employment discrimination. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975). The decision of whether to invoke injunctive relief is a matter left to the district court and will not be overturned unless it is an abuse of that court's discretion. *See Sprogis v. United Air Lines,* 444 F.2d 1194, 1202 (7th Cir.) (imposition of injunctive relief did not constitute abuse of discretion even though discriminatory policy

had been revoked and plaintiff had been reinstated), *cert. denied,* 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543 (1971).

We reject, as did the district court, Gurnee's claim that "[t]he unlawful conduct was limited to one man." Appellant's Br. at 14. The court expressly concluded that the discrimination in this case resulted from "Tinsley's behavior *and the Gurnee Inn's continued toleration of that behavior.*" R.93 at 23 (emphasis supplied). Gurnee had neither an anti-discrimination policy nor a grievance procedure through which employees could complain of sexual harassment; it is to these deficiencies that the injunctive relief is addressed. Moreover, Tinsley's manager, who the district court concluded was aware of Tinsley's conduct but did nothing to rectify it, still was employed by Gurnee when the court entered the injunction. The possibility that sexual harassment could persist even after Tinsley was fired supports the district court's imposition of injunctive relief. *See* 42 U.S.C. § 2000e–5(g);[1] *see also Albemarle Paper Co.,* 422 U.S. at 421, 95 S.Ct. at 2373 (Title VII vests federal courts with broad equitable power to fashion remedies to eliminate discriminatory effects of the past as well as bar like discrimination in the future); *Sprogis,* 444 F.2d at 1202 (injunctive relief proper to erase problems that elimination of discriminatory policy did not accomplish). The district court did not abuse its discretion by imposing injunctive relief.[2]

### B. *Back Pay Award*

 "The [Supreme] Court has held that a finding that an employer engaged in employment discrimination in violation of Title VII triggers a rebuttable presumption that the claimant is entitled to an award of back pay." *United States v. City of Chicago,* 853 F.2d 572, 575 (7th Cir.1988) (citing *International Bd. of Teamsters v. United*

---

**1.** The statute provides in relevant part:
 If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, *the court may enjoin the respondent from engaging in such unlawful employment practice ....*

42 U.S.C. § 2000e–5(g) (emphasis supplied).

**2.** We also note that, at oral argument, Gurnee admitted that it was not burdened by the injunctive relief ordered in this case.

*States*, 431 U.S. 324, 359 & n. 45, 97 S.Ct. 1843, 1866 & n. 45, 52 L.Ed.2d 396 (1977)). Once the claimant establishes the amount of damages, the employer must demonstrate, as an affirmative defense, that the claimant failed to mitigate those damages. *See Fleming v. County of Kane*, 898 F.2d 553, 560 (7th Cir.1990); *City of Chicago*, 853 F.2d at 575.[3] We emphasize that the employer bears the burden of proving a failure to mitigate. *See Hybert v. Hearst Corp.*, 900 F.2d 1050, 1054 n. 7 (7th Cir. 1990); *Donnelly v. Yellow Freight Sys.*, 874 F.2d 402, 411 (7th Cir.1989), *aff'd on other grounds*, — U.S. —, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). To prevail, the employer must prove " 'both that the [claimants were] not reasonably diligent in seeking other employment, *and* that with the exercise of reasonable diligence there was a reasonable chance that the [claimants] might have found comparable employment.' " *City of Chicago*, 853 F.2d at 578 (quoting *Wheeler v. Snyder Buick,*

*Inc.*, 794 F.2d 1228, 1234 (7th Cir.1986)) (emphasis supplied); *see Fleming*, 898 F.2d at 560.

Gurnee maintains that the claimants in this case failed to mitigate their damages. At trial, the defendant alleged that the claimants did not seek other employment following their constructive discharges. However, Gurnee produced no evidence concerning the availability of comparable jobs. The district court found that Gurnee failed to carry its burden and thus rejected the mitigation defense. We shall not disturb this determination unless it is clearly erroneous. *Hybert*, 900 F.2d at 1054 n. 7.

█ On appeal, Gurnee relies solely on the claimants' alleged failure to seek employment after being discharged constructively from the hotel.[4] We agree with the district court that, because Gurnee failed to establish that there was a reasonable chance the claimants could have found comparable employment, the defendant failed

---

**3.** The statute directs that back pay awards must be reduced by "[i]nterim earnings or amounts earnable with reasonable diligence by the ... persons discriminated against." 42 U.S.C. § 2000e–5(g); *see Ford Motor Co. v. EEOC*, 458 U.S. 219, 231–32, 102 S.Ct. 3057, 3065, 73 L.Ed.2d 721 (1982).

**4.** In its reply brief, Gurnee for the first time asserted, without citation to authority, that two standards govern the burden of proof on a mitigation defense. Gurnee claims that the two-pronged standard articulated in the *City of Chicago* line of cases applies only when the claimant has first shown that some attempt was made to find employment. The alleged second—and lower—standard applies if the claimant failed entirely to look for work. Notwithstanding the fact that Gurnee's position is contrary to well-established principles governing this affirmative defense, *see, e.g., Fleming*, 898 F.2d at 560 and cases cited, Gurnee has waived any argument that our circuit recognizes two distinct standards, *see Sims v. Mulcahy*, 902 F.2d 524, 536 n. 6 (7th Cir.1990) (" 'arguments raised for the first time in the reply brief ... will not be considered' ") (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 n. 7 (7th Cir. 1989)).

Moreover, the record supports the district court's conclusion that six of the eight claimants searched for work after leaving Gurnee. We agree, with respect to these claimants, that Gurnee "has failed to adequately disprove or discredit the record evidence regarding [their] job search[es]," and therefore has failed to establish that the back pay awards are clearly erroneous. *Hybert*, 900 F.2d at 1054 n. 7. Thus, Gurnee's reliance on *Hayes v. Shelby Memorial Hosp.*, 546 F.Supp. 259, 266–67 (N.D.Ala.1982), *aff'd*, 726 F.2d 1543 (11th Cir.1984), in which back pay was not awarded to a plaintiff who failed to search for work following her wrongful discharge, is misplaced. Nor does *Hayes* support Gurnee's position concerning the two claimants who admittedly did not search for work after their constructive discharge. In *Hayes*, the district court recognized its authority to "exercise its discretion in determining whether a plaintiff should have or could have exercised more reasonable diligence in seeking alternative employment." *Id.* at 266. In this case, one of the claimants was a 15 year old high school student at the time she experienced Tinsley's sexual harassment. We do not believe the district court abused its discretion in determining that it "would not be unreasonable under the circumstances existing in this case for th[is] teenager[ ] to wait some period of time before again looking for work." R.93 at 27 n. 7. The other claimant, who was a 20 year old college student at the time of her constructive discharge, testified that she was afraid of encountering similar harassment. The district court acted within its discretion in concluding that "it would not be unreasonable for a young woman having gone through the experience of these women to feel 'gun shy' about looking for a similar position." *Id.* at 31. Given the record in this case, we cannot say that the district court's assessment was erroneous.

to sustain its burden of proof. *See, e.g., Gaddy v. Abex Corp.*, 884 F.2d 312, 319 (7th Cir.1989) (court did not abuse its discretion in rejecting employer's position that claimant failed to mitigate damages where employer failed to show there was a reasonable probability claimant would have received an offer had she pursued job opportunities).

■■■ Gurnee also attacks the back pay awards to four claimants who left Gurnee more than two years before the EEOC charge was filed.[5] Under the facts of this case, damages accruing before February 25, 1983, are precluded. *See* 42 U.S.C. § 2000e-5(g) (back pay awards "shall not accrue from a date more than two years prior to the filing of a charge with the Commission"). We do not find merit to Gurnee's position. First, Gurnee conceded that the EEOC established Title VII violations with respect to these four claimants. Moreover, the district court did not award any damages for periods prior to February 25, 1983. Rather, it awarded back pay damages—for periods of unemployment af-

ter February 25, 1983, that were caused by Tinsley's conduct—to four claimants who were constructively discharged prior to that date and testified that they would have remained at Gurnee but for Tinsley's sexual harassment. Such awards are neither unlawful nor beyond the scope of the district court's discretion. *See id.; Stewart v. CPC Intern., Inc.*, 679 F.2d 117, 121 (7th Cir.1982).[6]

## C. Prejudgment Interest

■■■ In its final claim, Gurnee challenges the district court's award of compounded prejudgment interest. There is no doubt that "Title VII authorizes prejudgment interest as part of the backpay remedy in suits against private employers." *Loeffler v. Frank*, 486 U.S. 549, 557, 108 S.Ct. 1965, 1970, 100 L.Ed.2d 549 (1988).[7] Indeed, the Supreme Court has said that it is a "normal incident" of relief in Title VII suits. *Id.* at 558, 108 S.Ct. at 1971; *see also Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417, 1426 (7th Cir.1986). *See generally Lorenzen v.*

---

**5.** In addition, Gurnee urges that three claimants are not entitled to back pay because they left the hotel's employ for reasons unrelated to Tinsley's unlawful conduct. The district court expressly rejected this claim. We agree and conclude that Gurnee merely attacks that court's credibility determinations: the back pay awards were based on that court's factual conclusions, which rested on an assessment of the witnesses' testimony. Factual conclusions, such as the existence of discrimination, are reversible only for clear error, and credibility resolutions are committed to the trier of fact. *See Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 68, 106 S.Ct. 2399, 2406, 91 L.Ed.2d 49 (1986); *Anderson v. Bessemer City*, 470 U.S. 564, 573–75, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985) (greater deference to trial court's conclusions demanded when findings are based on credibility determinations); *Torres v. Wisconsin Dep't of Health and Social Servs.*, 859 F.2d 1523, 1528 (7th Cir. 1988) (en banc), *cert. denied*, 489 U.S. 1017, 109 S.Ct. 1133, 103 L.Ed.2d 194 (1989). Courts "are particularly careful in employment discrimination cases to avoid supplanting [their] view of the credibility or weight of the evidence for that of" the fact-finder. *Hybert v. Hearst Corp.*, 900 F.2d 1050, 1054 (7th Cir.1990). Our review of the record reveals that the district court did not err in concluding that all eight claimants left Gurnee as a result of Tinsley's sexual harassment.

**6.** We wish to make clear that Gurnee has not asserted—either in this court or before the magistrate—that the EEOC's suit was untimely with respect to any of the claimants. Section 2000e-5(g) is not itself a statute of limitations; rather it serves to "limit the extent to which that remedy [back pay] may be afforded." *Patterson v. Youngstown Sheet and Tube Co.*, 659 F.2d 736, 740 (7th Cir.), *cert. denied*, 454 U.S. 1100, 102 S.Ct. 674, 70 L.Ed.2d 641 (1981); *see also Bereda v. Pickering Creek Indus. Park, Inc.*, 865 F.2d 49, 54 (3d Cir.1989). An employee who otherwise would not be eligible for a back pay remedy can receive back pay if she has been constructively discharged. *Derr v. Gulf Oil Corp.*, 796 F.2d 340, 342 (10th Cir.1986). Furthermore, a suit brought by the EEOC is not "limited to discriminations that the charging party had standing to raise." 1 C. Sullivan, M. Zimmer & R. Richards, Employment Discrimination § 12.4.1 at 567 (2d ed. 1988).

**7.** We note that the district court incorrectly stated that prejudgment interest was "mandated" by *Loeffler*. R.93 at 25. However, Gurnee did not challenge the award on this ground in either its post-judgment motions or in its main brief on appeal. Read extremely liberally, Gurnee's reply brief touches on the issue. However, even if Gurnee had fleshed out the argument in its reply brief, it would have been too late. *See supra* note 4. Thus, we will not disturb the award of prejudgment interest on this basis.

*Employees Retirement Plan of Sperry & Hutchison Co.*, 896 F.2d 228, 236 (7th Cir. 1990); *Gorenstein Enters. v. Quality Care–USA, Inc.*, 874 F.2d 431, 436 (7th Cir.1989) (prejudgment interest is appropriate to compensate victims of violations of federal law). Moreover, "[t]he decision to grant or deny an award of prejudgment interest lies within the discretion of the district court" and "turns upon whether the amount of damages is easily ascertainable." *Donnelly v. Yellow Freight Sys.*, 874 F.2d 402, 411 (7th Cir.1989), *aff'd on other grounds*, — U.S. ——, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). In this case, where Gurnee does not dispute the EEOC's damage figures, the damage amounts obviously are easily ascertainable. We thus conclude that the district court did not abuse its discretion in awarding prejudgment interest.[8] Finally, the record supports the district court's decision to award compounded prejudgment interest. *See Gorenstein*, 874 F.2d at 437.

Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

---

8. Moreover, the district court's decision to award compounded interest did not amount to a windfall for the claimants. The court did not calculate interest amounts based on the total back pay due to each claimant, but on the back pay due for applicable periods of each claimant's unemployment. *See* R.93 at 24–31.