**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARBOR BREEZE CORPORATION, a California corporation; L.A. WATERFRONT CRUISES, LLC, a California limited liability company, *Plaintiffs-Appellants*, <br><br> v. <br><br> NEWPORT LANDING SPORTFISHING, INC., a California corporation; DAVEY'S LOCKER SPORTFISHING, INC., a California corporation; OCEAN EXPLORER, INC., a California corporation; FREELANCE SPORTFISHING, INC., a California corporation; DOES, 1–10, *Defendants-Appellees*. | No. 19-56138 <br><br> D.C. No. 8:17-cv-01613-CJC-DFM <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 3, 2021
Pasadena, California

Filed March 7, 2022

Before:  Stephen A. Higginson,[*] Andrew D. Hurwitz, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge Collins

**SUMMARY**[**]

**Lanham Act**

The panel reversed in part and vacated in part the district court's judgment, after a jury trial, awarding only injunctive relief in favor of plaintiffs in an action under the Lanham Act.

Harbor Breeze Corp. and its affiliate sued Newport Landing Sportfishing, Inc., and its affiliates for unfair competition.  The jury found that defendants had engaged in materially false or misleading advertising about their competing whale-watching-cruise business, but the jury awarded $0 in actual damages and also declined to award the equitable remedy of disgorgement of profits.  The district court then issued a permanent injunction prohibiting defendants from engaging in specified future acts of false advertising, and denied plaintiffs' request for attorneys' fees.

Reversing in part, the panel held that under *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492 (2020), the

---

[*] The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

district court erred in instructing the jury that, in order to be awarded defendants' profits from their alleged false advertising, plaintiffs had to show that defendants acted willfully. Rather, under the correct legal standard, a defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate. The panel reversed the judgment to the extent that it denied an award of profits and remanded for a new trial on that issue.

The panel declined plaintiffs' request to remand the case with specific instructions to conduct a new jury trial on disgorgement of profits, an equitable issue ordinarily left to the court. The panel concluded that neither plaintiffs nor defendants were equitably estopped from making arguments about whether the jury verdict on profits was binding under Federal Rule of Civil Procedure 39(c)(2) or merely advisory under Rule 39(c)(1). Distinguishing a Third Circuit case, the panel concluded that because the prior verdict on the issue of disgorgement was defective, no valid portion of that verdict would be disrespected, implicitly or explicitly, by allowing a bench trial on remand. The panel held that Rule 39(c) did not require that the retrial on remand be a jury trial.

Because retrial of the disgorgement issue could affect the district court's assessment of some of the relevant circumstances, the panel also vacated the district court's attorneys' fee determination.

## COUNSEL

Amy Mason Saharia (argued) and Lisa S. Blatt, Williams & Connolly LLP, Washington, D.C.; Daniel C. DeCarlo and Joshua S. Hodas, Lewis Brisbois Bisgaard & Smith LLP,

Los Angeles, California; Lann G. McIntyre, Lewis Brisbois Bisgaard & Smith LLP, San Diego, California; for Plaintiffs-Appellants.

Todd R. Wulffson (argued), Denisha P. McKenzie (argued), Serafin H. Tagarao, and Alessandra C. Whipple, CDF Labor Law LLP, Irvine, California; for Defendants-Appellees.

**OPINION**

COLLINS, Circuit Judge:

Plaintiffs-Appellants Harbor Breeze Corporation and its affiliate L.A. Waterfront Cruises, LLC sued Defendants-Appellees Newport Landing Sportfishing, Inc. and its affiliates Davey's Locker Sportfishing, Inc.; Ocean Explorer, Inc.; and Freelance Sportfishing, Inc. for alleged unfair competition in violation of § 43 of the Lanham Act, *see* 15 U.S.C. § 1125(a). A jury found that Defendants had engaged in materially false or misleading advertising about their competing whale-watching-cruise business in violation of the Lanham Act, but the jury awarded $0 in actual damages. The jury also declined to award the equitable remedy of disgorgement of profits, which had been submitted to the jury with the agreement of all parties. The district court then issued a permanent injunction prohibiting Defendants from engaging in specified future acts of false advertising, denied Plaintiffs' request for attorneys' fees, and entered judgment.[1] Plaintiffs timely appealed. We have

---

[1] Plaintiffs also asserted parallel claims under California's Unfair Competition Law, *see* CAL. BUS. & PROF. CODE § 17220 *et seq.*, and False Advertising Law, *see id.* § 17500 *et seq.* In their post-trial motions, Plaintiffs relied only on the Lanham Act in seeking monetary relief, but

jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse in part, vacate in part, and remand.

**I**

Pursuant to then-existing Ninth Circuit precedent construing the remedies provision of the Lanham Act, *see Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 439 (9th Cir. 2017) (construing § 35(a) of the Act, 15 U.S.C. § 1117(a)), the jury instructions provided that, in order to be awarded Defendants' profits from their alleged false advertising, Plaintiffs had to show that Defendants acted willfully.  However, in *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492 (2020), the Supreme Court abrogated *Stone Creek* on this point and held that willfulness is not an "inflexible precondition to recovery" of a defendant's profits under § 35(a).  *Id*. at 1497.  Instead, a "defendant's mental state is a highly important *consideration* in determining whether an award of profits is appropriate."  *Id*. (emphasis added).  The jury instructions here thus failed to recite the correct legal standard.  Viewed in the context of the evidence and the arguments at trial, the error would ordinarily warrant reversal of the judgment.  *See Sanders v. City of Newport*, 657 F.3d 772, 781 (9th Cir. 2011) ("When the trial court erroneously adds an extra element to the plaintiff's burden of proof, it is unlikely that the error will be harmless.") (simplified).

---

they relied on all three statutes in seeking an injunction.  Although the district court's final judgment does not expressly cite any statutes, we construe the judgment's injunction for "false advertising" as resting upon, and disposing of, all of Plaintiffs' claims.  No party has contended that the presence of these additional claims has any bearing on the issues presented on appeal.

Defendants nonetheless assert that any error in the jury instructions is immaterial because the decision whether to award the equitable remedy of disgorgement of profits ultimately belonged to the district court, and that court properly exercised its discretion to deny such an award in a post-trial ruling that was consistent with what the Supreme Court later held in *Romag*.  This contention fails.  Although the district court's ruling stated that the court would "reach the same result" as the jury on the issue of disgorgement even if the court "were to take its own view of the evidence," the order's analysis is not consistent with *Romag*.  In describing the applicable legal standards governing disgorgement, the order expressly recites *Stone Creek*'s willfulness requirement.  And in explaining why the court would reach the same conclusion as the jury, the order focuses only on the evidence of Defendants' intent and concludes that, "[b]ecause Plaintiffs have failed to prove that Defendants' false advertising was *willful*, Plaintiffs' motion for [an] order for disgorgement of profits" was denied (emphasis added).

Defendants alternatively argue that the district court's order should be affirmed because Plaintiffs' post-trial motion for disgorgement of profits "could have been denied even if [Plaintiffs] had demonstrated willfulness."  This contention fails because the order never purports to determine that, even if willfulness had been established, the district court would decline to award disgorgement in the exercise of its discretion.

Accordingly, we reverse the judgment to the extent that it denies an award of profits and remand for a new trial on that issue.

## II

We decline Plaintiffs' request to remand the case with specific instructions to conduct a new *jury* trial.

The parties agree that disgorgement of profits is an equitable issue ordinarily left to the court. *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015). However, that issue was submitted to the jury in this case. After the jury awarded $0 in profits, the parties' post-trial submissions disputed whether the equitable issue of disgorgement had been submitted to the jury on an advisory basis under Federal Rule of Civil Procedure 39(c)(1) or on a binding basis under Rule 39(c)(2).[2] Plaintiffs argued that the jury verdict on profits was merely advisory, while Defendants argued that the jury verdict was binding. The district court agreed with Defendants, although it also expressly stated that it would reach the same conclusion if it "were to take its own view of the evidence."

The parties have effectively swapped positions on appeal. Plaintiffs now argue that the jury issued a binding, but ultimately flawed, verdict on the disgorgement issue under Rule 39(c)(2), whereas Defendants assert that Plaintiffs are bound by their position below that the jury rendered an advisory verdict under Rule 39(c)(1). On the issue of a retrial, Plaintiffs assert that a binding jury trial under Rule 39(c)(2) must therefore be conducted on remand, and Defendants contend that the parties and the district court

---

[2] In the proposed joint pretrial conference order, the parties agreed that all monetary remedies would be submitted to the jury, without saying whether that decision would be advisory. By contrast, the court expressly stated that it was submitting factual issues concerning Defendants' unclean hands defense to the jury in an advisory capacity.

may decide afresh on remand whether and how to consent to a jury retrial.

We are thus presented with two issues to decide. First, each side contends that the other is judicially estopped from adopting its current position and that we should rule accordingly on the merits. Second, Plaintiffs also contend that, even if judicial estoppel does not apply, a jury trial on remand is required here under Rule 39(c). We address these arguments in turn.

### A

We have described the standards governing judicial estoppel as follows:

> Although judicial estoppel is probably not reducible to any general formulation of principle, several factors typically inform the decision whether to apply the doctrine in a particular case. First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the

applicability of judicial estoppel.  Additional considerations may inform the doctrine's application in specific factual contexts.

*Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270–71 (9th Cir. 2013) (simplified).   Applying these standards, we conclude that application of judicial estoppel is unwarranted here as to either side.

As explained earlier, we have set aside the jury's verdict, and the accompanying judgment, with respect to disgorgement of profits.  As a result, the parties' dispute as to whether *that* verdict was advisory or binding is now entirely beside the point.  Whether the *next* trial should be a jury trial with an advisory verdict under Rule 39(c)(1), a jury trial with a binding verdict under Rule 39(c)(2), or a court trial under Rule 39(b) is not the same question as determining what happened, procedurally, at the prior trial. *See infra* at 10–11.  Viewed that way, neither side's change of position is "clearly inconsistent with its earlier position." *Ah Quin*, 733 F.3d at 270 (citations and internal quotation marks omitted).

For similar reasons, the fact that each side may have opportunistically shifted its arguments about whether the prior trial was conducted under Rule 39(c)(1) or Rule 39(c)(2) does not give rise to "an unfair advantage or impose an unfair detriment on the opposing" side.[3]  *Id.*

---

[3] Plaintiffs also overstate the significance of Defendants' success in persuading the district court to adopt the view that the prior verdict was binding.  *Ah Quin*, 733 F.3d at 270.  Because the district court expressly stated that it would also reach the same conclusion even under Plaintiffs' view that the verdict was advisory, Defendants' success below on the

Accordingly, we decline to apply estoppel to either side with respect to these issues.

## B

Plaintiffs alternatively argue that, under *Bereda v. Pickering Creek Indus. Park, Inc.*, 865 F.2d 49 (3d Cir. 1989), Rule 39(c) itself requires a jury trial in any retrial on remand and "does not permit the district court to withdraw its prior consent to the litigants' request for a nonadvisory jury." *Id*. at 55. In addressing this issue, we assume that the prior jury trial of the disgorgement issue in this case was conducted under Rule 39(c)(2). *See Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 795–96 (5th Cir. 1999) (holding that where a jury demand has been made, an issue is submitted to the jury without objection, and "the possibility that the jury's findings might be advisory was never mentioned until after the verdict was returned," the verdict is binding under Rule 39(c)(2)). We nonetheless conclude that *Bereda* is distinguishable.

In *Bereda*, the jury issued a binding verdict under Rule 39(c)(2), finding that Bereda was entitled to a substantial award of backpay for unlawful sex discrimination, but the district court plainly erred in failing to inform the jury that, under the applicable laws, backpay was only available for a specified number of years. 865 F.2d at 51, 53–54. The defect in the jury's verdict was thus partial and limited, and it involved a specific issue as to which there was no right to a jury trial. *Id*. at 52, 54–55. However, because the court of appeals could not determine from the record what portion of the monetary award was valid and what portion was invalid,

binding-verdict issue was ultimately irrelevant to the district court's denial of disgorgement.

a new trial on the issue of backpay was required.  *Id*. at 54–55.  Under these circumstances, the court concluded that allowing a de novo *bench* trial on remand would fail to give "the same effect" to the prior verdict as if a jury trial "had been a matter of right," *see* FED. R. CIV. P. 39(c)," and would put the plaintiff "in a worse position than she would have been in but for the trial court's error." *Id*. at 55.

By contrast, in this case, the prior verdict on the issue of disgorgement was entirely defective because the standards for determining the threshold eligibility for such an award were misdescribed.  Accordingly, unlike in *Bereda*, no valid portion of that prior jury verdict would be disrespected, implicitly or explicitly, by allowing a bench trial on remand.  By its terms, Rule 39(c)(2) requires only that the actual "verdict" that was rendered by the jury be given "the same effect as if a jury trial had been a matter of right," and that command has no further force when, as here, that verdict has been set aside as fundamentally flawed.  *See* FED. R. CIV. P. 39(c)(2).  Were we to order a jury trial on remand, we would not be giving "effect" to the jury's earlier "verdict."  Instead, we would be granting Plaintiffs a free-floating right to a jury trial, as to a concededly equitable issue, that is untethered to that now-vacated verdict.  Rule 39(c)(2) does not grant that broader right.

Moreover, because Plaintiffs argued against giving binding effect to the jury's verdict below and affirmatively requested a de novo determination of the issue by the district court, this is not a situation, as in *Bereda*, in which Plaintiffs are placed in a worse position on remand than what they had argued below.  865 F.2d at 55.

We therefore hold that Rule 39(c) does not require that the retrial on remand be a jury trial.

## III

We also vacate the district court's attorneys' fee determination. The Lanham Act allows a court to award attorney fees to the prevailing party in cases that are "exceptional" under the "totality of the circumstances." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). Because retrial of the disgorgement issue could affect the assessment of some of the relevant circumstances, such as "the manner in which the case was litigated" and the "need in particular circumstances to advance considerations of compensation and deterrence," *SunEarth*, 839 F.3d at 1180–81 (citations and internal quotation omitted), the district court should make that determination after the disgorgement issue has been resolved.

**REVERSED IN PART, VACATED IN PART, AND REMANDED.**