**John F. EDWARDS, Appellant,**

v.

**BOEING VERTOL COMPANY, William Platt, Howard Stuverude, Joseph Wood, Local 1069 U.A.W.**

No. 82–1826.

United States Court of Appeals, Third Circuit.

Argued Aug. 5, 1983.

Decided Sept. 8, 1983.

Alice W. Ballard (argued), Samuel & Ballard, Philadelphia, Pa., for appellant.

Jerome A. Hoffman, John M. Coleman (argued), Dechert Price & Rhoads, Philadel-

phia, Pa., for appellees, Boeing Vertol Co. and William Platt.

Before GIBBONS and HUNTER, Circuit Judges and MANSMANN, District Judge.*

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

John F. Edwards, an employee of Boeing Vertol Company, appeals from a judgment in favor of the defendants in his action charging that he was discriminated against in employment because of his race. He contends that the trial court erred in denying his motion for discovery with respect to events occurring prior to 1973, in applying the statute of limitations, and in trying the case without a jury. The defendants contend that the action should not have been tried at all because it is barred by res judicata or collateral estoppel. We reverse and remand for a new trial.

### I.

Edwards has been employed at Boeing Vertol since 1952, primarily in the Transportation Department as a bus driver. Edwards contends that he has been interested in a promotion to a supervisory position since the early 1960's and has demonstrated that interest by maintaining an above-standard work record, and by attending a pre-supervisory training course offered by his employer in 1966. Prior to 1973 there was no formal procedure by which employees could bid on supervisory vacancies. Since the 1960's supervisors in the Transportation Department have been selected by William Platt, with input from other managers. According to Edwards, between 1965 and 1973 at least ten persons, all white, were appointed as supervisors in that department. To Edwards' knowledge, only three of these persons had prior supervisor experience.

On September 2, 1971, a class action was filed in the Eastern District of Pennsylvania by several Boeing Vertol employees on behalf of all black employees, alleging a company-wide pattern or practice of racial discrimination on or after September 2, 1965, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Civil Rights Acts of 1866 and 1871, 42 U.S.C. §§ 1981, 1985. Edwards was not a named plaintiff. On November 21, 1973 he filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging racial discrimination in his failure to receive a promotion. In 1974 Edwards testified as a witness in the pending class action, and in 1975 he supplemented his EEOC charge to include allegations of retaliation for that testimony. On November 19, 1980 Edwards received from EEOC a notice of his right to sue. On December 12, 1980 he filed a handwritten pro se complaint which commenced this action. The inartful complaint, in letter form, addressed to the Clerk of the United States District Court for the Eastern District of Pennsylvania, alleges that Boeing Vertol discriminated against him in an ongoing manner. It alleges:

> Enclosed is a "right to sue" letter from E.E.O.C. along with my charge. I cannot afford counsel at this time, and am requesting this District Court to appoint in my behalf under the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e–5(f)(1) suitable representation.

There is no mention in the complaint of any other statute. Thus a fair reading of it is that Edwards relied originally only upon Title VII. The pro se complaint does not contain a demand for jury trial. The pro se complaint was served on the defendants, and they filed answers in January of 1981.

On December 28, 1981 counsel entered an appearance on Edwards' behalf, and immediately moved for leave to file an amended complaint. A copy of the proposed amended complaint was served with the notice of motion, and it contained a demand for a jury trial. The amended complaint added a charge under 42 U.S.C. §§ 1981 and 1985

---

* Hon. Carol Los Mansmann, United States District Judge for the Western District of Pennsylvania, sitting by designation.

and a demand for money damage. The memorandum of law in support of the motion pointed out that when a claim for legal relief was joined with a claim for the equitable relief available under Title VII, the plaintiff was entitled to a jury trial. The proposed amended complaint added no new parties and made no new factual allegations.

The defendants opposed the motion for leave to file an amended complaint, but filed no affidavits showing that they would be prejudiced in any manner if it were to be granted. The defendants also refused to answer interrogatories with respect to any period prior to May 20, 1973. Counsel for Edwards promptly moved for an order to compel discovery for the period back to September 2, 1965, contending that this date was the governing limitations period.

The trial date had, on December 28, 1981, been fixed for Monday, April 5, 1982. That trial listing was made the same date Edwards' counsel entered an appearance, at a time when his request for appointment of counsel under 42 U.S.C. 2000e–5(f)(1), set forth in his initial pro se pleading, had not yet been acted upon. On Friday, April 2, 1982, the trial court ruled on the pending motions for leave to file an amended complaint and to compel discovery. The court granted the motion for leave to file an amended complaint. It denied the motion for a jury trial as untimely. It denied the motion to compel discovery. Although the trial court did not prepare an opinion, colloquy in the record makes clear that the discovery ruling amounted to a pretrial ruling that the statute of limitations barred consideration of evidence of discrimination occurring prior to May 20, 1973. Counsel moved for reconsideration of the discovery ruling, or in the alternative, for a certification under 28 U.S.C. § 1292(b) that the limitations question involved a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the action. These motions were denied.

The trial commenced as scheduled on April 5, 1982. The court limited Edwards' proofs to acts of discrimination occurring after May 25, 1973. On November 30, 1982 the trial court filed findings of fact and conclusions of law. The court found that in the period after May 25, 1973 race was not a factor in Edwards' failure to receive a promotion. Since he had not established a prima facie case the court found it unnecessary to address Boeing Vertol's other defenses. Judgment was entered in favor of defendants, and this appeal followed.

## II.

■ Edwards contends that the trial court erred in striking his jury trial demand as untimely. Boeing Vertol does not dispute that a party requesting compensatory or punitive damages under 42 U.S.C. § 1981, or other legal relief, has a right to a jury trial. *E.g., Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974); *Moore v. Sun Oil Co.,* 636 F.2d 154 (6th Cir.1980). This seventh amendment right applies even when legal claims are based upon the same facts which support equitable claims. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2306 (1971). Moreover it is well settled that the relief available under Title VII is equitable in nature. *Richerson v. Jones,* 551 F.2d 918, 926–28 (3d Cir.1977).

■ A demand for a jury trial of any issue triable of right by a jury must be served on other parties "not later than 10 days after the service of the last pleading directed to such issue." Fed.R.Civ.P. 38(b). In this case the demand for jury trial was included in the proposed amended complaint, attached to the motion for leave to file an amended complaint, and served with that motion on December 28, 1981. Thus if the motion for leave to file an amended complaint was the first pleading presenting an issue triable by jury, the demand was timely.

Relying on *Walton v. Eaton Corp.,* 563 F.2d 66 (3d Cir.1977) (in banc), Boeing Vertol contends that the time period in Rule 38(b) ran not from the time a section 1981

claim was pleaded, but from the date of service of the original complaint. In *Walton* an employment discrimination plaintiff filed a class action complaint alleging causes of action under Title VII and under sections 1981 and 1983. The complaint expressly waived trial by jury. It sought declaratory and injunctive relief and punitive damages. Thus it was a complaint on which, had it been timely requested, jury trial would have been afforded. Some time later the plaintiff filed a separate complaint alleging the same discrimination, but seeking compensatory damages for emotional and mental injury. The second complaint requested a jury trial. This court, treating the subsequently filed complaint as an amendment to the original, held that unless the amendment raised a new issue, the earlier waiver of jury trial was binding.

The governing precedent for the instant case, however, is not *Walton,* but *Canister Co. v. Leahy,* 191 F.2d 255 (3d Cir.), *cert. denied,* 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed.2d 669 (1951). That case holds that when the plaintiff's complaint states a cause of action for equitable relief only, its filing will not be deemed to be a waiver of the right to jury trial with respect to an amendment which seeks legal relief. As Judge Biggs points out in *Canister,* this ruling is entirely consistent with the language of Rule 38(b), which provides that the demand shall be served within ten days of service of the last pleading directed to a legal issue. *Id.* at 257. The *Canister* rule was recently applied in a context identical with that presented here, a Title VII complaint and an amendment pleading a section 1981 cause of action. *Clarke v. American Cyanamid Co.,* 24 Fair Empl.Pract.Cas. (BNA) 873 (D.N.J.1980), *aff'd without opinion,* 30 Emp.Prac.Dec. (CCH) ¶ 33,178 (3d Cir.1982).

Boeing Vertol urges that we should construe Edwards' pro se complaint as if it had requested relief under sections 1981 and 1985, and thereby place it within the *Walton* waiver rule rather than within *Canister.* Entirely apart, however, from the general principle of generosity with respect to our reading of pro se pleadings, *Haines v. Ker-*

*ner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), it is clear that the document cannot be reasonably construed as seeking relief other than that available under Title VII. The pleading contains no demand for either compensatory or punitive damages, and it mentions no other statute.

The trial court erred, therefore, in striking the jury trial demand as untimely, and a new trial is required unless, as Boeing Vertol contends, there is another basis for affirmance.

III.

Edwards urges that entirely aside from the jury trial issue a new trial is required because the trial court limited discovery and evidence to acts of discrimination occurring after May 25, 1983, one hundred eighty days before he filed a charge with the EEOC. His theory, which the trial court rejected, was that while the class action was pending against Boeing Vertol, seeking company-wide relief, the statute of limitations was tolled for all class members. Since the class action was filed on September 2, 1971, and this action was filed before the class action was finally terminated, Edwards could, if it tolled the statute of limitations as to him, rely under Title VII on all acts of discrimination occurring after March 23, 1968, and under section 1981 on all acts of discrimination occurring after September 2, 1965. 42 U.S.C. § 2000e–5(e); 42 Pa.Cons.Stat.Ann. § 5527.

As noted above, Edwards was not a named party in the class action. *See Croker v. Boeing Co.,* 437 F.Supp. 1138, 1176 (E.D.Pa.1977), *aff'd,* 662 F.2d 975, 997 (3d Cir.1981) (in banc). In that action, at the end of the liability stage of a bifurcated trial, the issue of Boeing Vertol's liability for a pattern or practice of racial discrimination was decided in its favor. The court held that the class plaintiffs had failed to prove that the employer engaged in a pattern or practice of discrimination. 437 F.Supp. at 1192. The court then turned to the claims of individual named plaintiffs, noting that the finding in favor of Boeing

Vertol on the pattern or practice charge did not preclude a finding in favor of individual victims of discrimination. 437 F.Supp. at 1192–98. The court decided some of those claims in favor of the individual named plaintiffs. However, faced with the holding of this court in *Dickerson v. United States Steel Corp.,* 582 F.2d 827 (3d Cir. 1978), this court dismissed the claims of all class members who were not parties. On appeal this court addressed the question whether the claims of individual class members who were not parties should have been litigated. We observed:

> In *Dickerson v. United States Steel Corp.,* 582 F.2d 827 (3d Cir.1978), this court held:
>
> An individual class member, who has not presented any evidence of having satisfied the jurisdictional prerequisites in his own name and who is not a named plaintiff in the class action, *may not* be entitled to relief for an individual claim of discrimination, if the class-wide claim encompassing his individual claim on that issue is dismissed.
>
> *Id.* at 834 (emphasis in original). Although the employees do not challenge the holding in *Dickerson,* they attempt to distinguish that case on its facts. We believe, however, that *Dickerson* pronounced a clear rule of law applicable to this case. The appropriate means by which unsuccessful class members may adjudicate their individual claims is by motion for intervention under Federal Rule of Civil Procedure 24(b), after which the district court, in its discretion and considering the possibility of undue delay and prejudice, may grant the motion. We affirm the district court's holding that the class-member witnesses, who were not named plaintiffs in this unsuccessful class action and who did not seek to intervene in this action, were not entitled to individual relief.[12]

---

12. Because of our disposition of this issue, we need not address the district court's rejection, on the merits, of class-member John Edwards' claim of discriminatory denial of promotion.

662 F.2d at 997–98. We also affirmed the dismissal of the pattern or practice charge. *Id.* at 997. Thus it is clear that until September 30, 1981, when the appeal in the *Croker* case was decided, a class action was pending which sought relief for the class of which Edwards was a member.

The pendency of that action requires that we consider the application to this case of two Supreme Court cases. The first is *American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). In that case, eleven days before the statute of limitations would have run on an action for violation of the Sherman Act, the State of Utah filed a class action on behalf of municipalities in the state who were users of pipe purchased from the defendants. Thereafter on motions of the defendants the district court ruled that the action could not be maintained as a class action. Thereafter individual municipalities which were putative class members moved to intervene. The court held unanimously that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties within the meaning of Fed.R.Civ.P. 23 had the suit been permitted to continue as a class action. A contrary rule, the court observed, would encourage the proliferation of filings by individual class members, and defeat the economy and efficiency purposes behind the Rule 23 class action procedure. *Id.* at 553, 94 S.Ct. at 766.

More recently, in *Crown, Cork & Seal Co. v. Parker,* — U.S. —, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), the Court reiterated the *American Pipe* holding. In *Crown, Cork & Seal* the plaintiff Parker received a notice of right to sue letter from the EEOC during the pendency of a class action on behalf of a class of which he was a member. Despite the 90 day time limit in 42 U.S.C. § 2000e–5(e), Parker waited until the resolution of the class action. Almost two years later class certification was denied, and shortly thereafter he filed an individual suit. Holding that the suit was timely the court observed:

The *American Pipe* Court recognized that unless the statute of limitations was tolled by the filing of the class action, class members would not be able to rely on the existence of the suit to protect their rights. Only by intervening or taking other action prior to the running of the statute of limitations would they be able to ensure that their rights would not be lost in the event that class certification was denied. Much the same inefficiencies would ensue if *American Pipe's* tolling rule were limited to permitting putative class members to intervene after the denial of class certification. There are many reasons why a class member, after the denial of class certification, might prefer to bring an individual suit rather than intervene. The forum in which the class action is pending might be an inconvenient one, for example, or the class member might not wish to share control over the litigation with other plaintiffs once the economies of a class action were no longer available. Moreover, permission to intervene might be refused for reasons wholly unrelated to the merits of the claim.... A putative class member who fears that class certification may be denied would have every incentive to file a separate action prior to the expiration of his own period of limitations. The result would be a needless multiplicity of actions—precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid.

*Id.* at ——, 103 S.Ct. at 2395–96 (footnote omitted). The principles informing the *American Pipe* and *Crown, Cork & Seal* decisions are equally applicable to his case. Boeing Vertol had notice of charges both of a pattern or practice and of individual discrimination. Edwards was a witness in the class action. He was not sleeping on his rights. Even though the scope of relief in

an individual claim might be different, if the class action were to succeed he might receive all the relief he desired. Thus he was entitled to rely on the pendency of that action so long as it was pending. Any other rule would needlessly proliferate separate lawsuits.

Boeing Vertol would have us distinguish *American Pipe* and *Crown, Cork & Seal* because in this case, unlike them, a class was certified and the claims tried. Such a distinction would make no sense. Reliance on the pendency of a certified class action is more reasonable than the reliance on an uncertified class action which those cases approve. The certification of the class should discourage, rather than encourage, the proliferation of filings of individual actions. The distinction which is urged on us would produce the very evil which the Court sought to avoid in *American Pipe* and *Crown, Cork & Seal.*[1] Consistency with the policies reiterated in *Crown, Cork & Seal* requires that the tolling of the statute of limitations continue until a final adverse determination of class claims. That occurred in this case on September 30, 1981.

Since Edwards filed his complaint before the *Croker* case was finally determined in favor of Boeing Vertol, he should be able to prove any acts of discrimination against him which he could have proved had he been a named party in that action. Thus the trial court erred in limiting both discovery and proof to the period after May 25, 1973. This is a separate ground for a new trial unless, as Boeing contends, there is another ground for affirmance.

## IV.

The other ground for affirmance on which Boeing Vertol relies is the judgment in its favor in the *Croker* class action.

■ It contends, first, that as a member of the class who did not opt out Edwards is

---

1. Cf. *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 394 n. 15, 97 S.Ct. 2464, 2470 n. 15, 53 L.Ed.2d 423 (1977) ("A rule requiring putative class members who seek only to appeal from an order denying class certification to move to intervene shortly after entry of that order would serve no purpose.... [S]uch a rule would induce putative class members to file protective motions to guard against the possibility that the named representatives might not appeal from an adverse class determination").

barred, as a matter of *res judicata,* by that judgment. We may assume this to be the case. But that judgment determined no more than that the class representatives had failed to prove a company-wide pattern or practice of discrimination. Edwards is not, however, attempting to relitigate what was finally determined in the class action. The trial court explicitly held that its decision in favor of the employer was not a determination that individual employees had not been victims of discrimination. 437 F.Supp. at 1192. Only that holding was affirmed by this court. 662 F.2d at 997. The class action judgment is not a former adjudication.

 Alternatively, Boeing Vertol urges that principles of collateral estoppel bar Edwards' individual claim because it was actually litigated in the trial of the class action. The district court, prior to our decision in *Dickerson v. United States Steel Corp.,* 582 F.2d 827 (3d Cir.1978), did discuss Edwards' individual claim. 437 F.Supp. at 1176, 1197. However this court held on appeal that under the *Dickerson* rule the trial court lacked jurisdiction to adjudicate individual claims. Edwards' claim was named specifically. 662 F.2d at 998 n. 12. Thus Edwards never had an opportunity for appellate review of the decision upon which Boeing Vertol relies for collateral estoppel. Relitigation of an issue in a subsequent action, even between parties, is not precluded when the party against whom preclusion is sought could not, as a matter of law, obtain review of the judgment in the initial action. Restatement (Second) of Judgments, § 28(1) (1982). Thus we reject Boeing Vertol's collateral estoppel contention. Indeed, given the finality of this court's judgment in *Croker v. Boeing Co.,* 662 F.2d 975, 998 (3d Cir.1981), on the applicability of *Dickerson v. United States Steel Corp.,* 582 F.2d 827 (3d Cir.1978), to Edwards' individual claim, any collateral estoppel in the case runs in his favor on that issue and against Boeing Vertol.

## V.

Thus we hold that the trial court did not err in undertaking to try the case despite the judgment in *Croker v. Boeing Co., supra,* but that it erred (1) in striking the demand for a jury trial, and (2) in limiting discovery and evidence to the period after May 20, 1973. Thus the judgment in favor of Boeing Vertol will be reversed and the case remanded for a new trial.