Willie O. WADE, Plaintiff–Appellee,

v.

ORANGE COUNTY SHERIFF'S OFFICE a/k/a Orange County Sheriff's Department, County of Orange, Roger Phillips, Individually, and as Sheriff of the County of Orange, Louis Heimbach, Individually, and as County Executive of the County of Orange, and Keith J. McLean, Defendants,

County of Orange, Roger Phillips, Individually, and as Sheriff of the County of Orange, and Keith J. McLean, Defendants–Appellants.

No. 774, Docket 87–7885.

United States Court of Appeals, Second Circuit.

Argued Feb. 17, 1988.

Decided April 11, 1988.

Richard L. Parker, Middletown, N.Y. (Hayward, Parker & Martens, Middletown, N.Y., on the brief), for plaintiff-appellee.

James G. Sweeney, Orange Co. Atty., Goshen, N.Y., for defendants-appellants.

Before TIMBERS, KEARSE, and MAHONEY, Circuit Judges.

KEARSE, Circuit Judge:

Defendants County of Orange (the "County"), County Sheriff Roger Phillips, and County Jail Administrator Keith McLean appeal from a final judgment entered against them in the United States District Court for the Southern District of New York, Gerard L. Goettel, *Judge*, awarding plaintiff Willie O. Wade the sum of $54,100, plus attorney's fees, on a jury verdict finding that, with respect to various conditions of employment, Phillips and McLean had unlawfully discriminated against Wade on the basis of his race, in violation of 42 U.S.C. §§ 1981 and 1983 (1982). On Wade's claim that defendants' treatment of him violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e

*et seq.* (1982), which was tried to the court, the court found in favor of defendants. On this appeal, appellants contend principally that the district court should have granted them a new trial on the ground that the jury's verdict was inconsistent with the court's decision in their favor. For the reasons below, we conclude that all of their contentions are without merit.

## I. BACKGROUND

■ Wade, a black corrections officer employed at the County Jail since 1967, brought the present action against the County, Phillips, McLean, and others, claiming that defendants had discriminated against him on the basis of race in the terms and conditions of his employment, in violation of §§ 1981 and 1983 (the "civil rights claims") and Title VII. He was entitled to a jury trial on his civil rights claims, *see Edwards v. Boeing Vertol Co.*, 717 F.2d 761, 763 (3rd Cir.1983), *vacated on other grounds*, 468 U.S. 1201, 104 S.Ct. 3566, 82 L.Ed.2d 867 (1984); *Bibbs v. Jim Lynch Cadillac, Inc.*, 653 F.2d 316, 318 (8th Cir.1981), but not his Title VII claim, *see Lehman v. Nakshian*, 453 U.S. 156, 164, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981) ("there is no right to trial by jury in cases arising under Title VII") (dictum, citing *Lorillard, A Division of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 583–84, 98 S.Ct. 866, 871–72, 55 L.Ed.2d 40 (1978), which "intimate[d] no view as to whether a jury trial is available under Title VII," and *Great American Federal Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 375 & n. 19, 99 S.Ct. 2345, 2350 n. 19, 60 L.Ed.2d 957 (1979), which noted that "the courts have consistently held that neither party has a right to a jury trial" under Title VII). Accordingly, though all of Wade's claims were tried simultaneously, only the civil rights claims were submitted to the jury.

The jury's verdict was returned first. The jury found in favor of Wade, finding that McLean, though not Phillips, had discriminated against Wade on the basis of race with respect to promotion, and that both Phillips and McLean had discriminated against him on the basis of race with re-spect to pay increases, job assignments, and harassment. It found Wade was entitled to recover $50,000 "as compensatory damages for emotional distress, embarrassment, and humiliation caused by" the racial discrimination, plus $2,000 for out-of-pocket loss. The parties stipulated that Wade's damages for salary loss due to denial of promotion amounted to $2,100.

After the jury had returned its verdict, the court rendered its decision on the Title VII claim in favor of defendants, finding that Wade was not harassed or denied promotions because of his race. Both Wade and appellants made posttrial motions on the ground that the verdict and the court's decision were inconsistent. Wade moved for judgment on the Title VII claim notwithstanding the court's decision against him; appellants moved for a new trial on the civil rights claims, or for judgment in their favor notwithstanding the verdict on those claims.

In a Memorandum Decision dated September 21, 1987 ("Opinion"), the district court denied these motions. It disagreed with the arguments that its decision and the jury verdict were inconsistent, stating that the different decisions were "rendered by different fact finders on different causes of action," *id.* at 2, that several factual issues "were hotly disputed," *id.* at 3, that there were a number of witnesses, and that "[c]redibility issues were raised," *id.* at 2. Noting that Wade claimed his detrimental treatment had occurred because of his race and that defendants claimed that it had occurred because he had poor skills, the court stated that "[t]he jury apparently found that race was a factor. This Court did not agree...." *Id.* Finding that the jury's verdict was not against the clear weight of the evidence, the court concluded that the mere fact of its own disagreement in these circumstances did not justify the granting of a new trial.

Judgment was entered in Wade's favor in the amount of $54,100, without costs, and this appeal by the County, Phillips, and McLean followed. Wade has not cross-appealed. Appellants contend principally that they are entitled to a new trial because of

the different determinations of the Title VII and civil rights claims and because the $50,000 portion of the verdict was excessive. We reject all of their contentions.

## II.  DISCUSSION

Although we disagree with the district court's views (1) that there was no inconsistency between the jury's verdict that the defendants' actions toward Wade were motivated by Wade's race and the court's finding that those actions were not so motivated, and (2) that differing determinations were permissible, we conclude that the court did not err in refusing to grant defendants a new trial.

### A.  *The Divergent Decisions*

Appellants contend principally that they should have been granted a new trial on the civil rights claims because of the district court's ruling that Wade had failed to prove racial discrimination sufficiently to prevail on his Title VII claim. This claim is meritless.

■ When an action involves both legal and equitable claims that have common issues of fact, and a jury trial has been properly demanded with respect to the legal claims, the parties have a right under the Seventh Amendment to have the legal claims tried to a jury. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *see Ross v. Bernhard,* 396 U.S. 531, 538–39, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). To safeguard this right, the general rule is that the jury must decide the legal claims prior to the court's determination of the equitable claims, *Dairy Queen, Inc. v. Wood,* 369 U.S. at 479, 82 S.Ct. at 900; *Beacon Theatres, Inc. v. Westover,* 359 U.S. at 510–11, 79 S.Ct. at 956, in order to prevent the court's determination of a common factual issue from precluding, by collateral estoppel effect, a contrary determination by the jury.

■ By the same token, when the jury has decided a factual issue, its determination has the effect of precluding the court from deciding the same fact issue in a different way. Thus, in *Heyman v. Kline,* 456 F.2d 123 (2d Cir.), *cert. denied,* 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972), a contract action encompassing both legal and equitable claims, in which we found that the defendant had been wrongly denied a jury trial on the legal claims, we set aside not only the district court's adjudication of the legal claims but also its determination of the equitable claims. Although the plaintiff offered, in an effort to preserve the favorable rulings she had obtained on her equitable claims, to waive any collateral estoppel effect of those rulings on the legal claims, we rejected the notion that we should allow the same fact issue to be decided in inconsistent ways. We noted that the defendant himself would be entitled to have a favorable jury decision on the legal claims operate as an estoppel with respect to common facts essential to the equitable claims, and we observed that "this court, in furtherance of its responsibility to preserve the integrity of the judicial process, has a substantial concern in the consistent determination of any particular question." *Id.* at 131. Accordingly, we remanded for a new trial of "all claims and counterclaims—both legal and equitable," and observed that "[u]pon retrial, the jury's verdict will control whether [plaintiff] is entitled to any equitable and declaratory relief." *Id.; accord Calnetics Corp. v. Volkswagen of America, Inc.,* 532 F.2d 674, 690 (9th Cir.), *cert. denied,* 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976).

■ The principle that the jury's verdict on the common factual issues precludes a contrary finding of fact by the court is applicable to an action that encompasses claims under Title VII and § 1981. *See, e.g., Williamson v. Handy Button Machine Co.,* 817 F.2d 1290, 1293–94 (7th Cir. 1987) ("when the two are tried together, the jury's verdict governs factual issues common to them"); *Lincoln v. Board of Regents,* 697 F.2d 928, 934 (11th Cir.) (same), *cert. denied,* 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 102 (1983). Similarly, in *Bouchet v. National Urban League, Inc.,* 730 F.2d 799 (D.C.Cir.1984), then-Circuit Judge Scalia observed that if the plaintiff, whose Title VII claim had been rejected by the district court after trial, were allowed

955

to add common-law tort claims to her Title VII claims, then "[n]ot only would a jury trial on her tort claims be required, but the Title VII judgment—even if otherwise valid —would have to be vacated, and the whole case retried, giving preclusive effect to all findings of fact by the jury." *Id.* at 803–04.

In sum, the argument that appellants were entitled to a new trial because the court's findings were contrary to those of the jury is meritless because the jury's findings foreclosed any contrary finding by the court.

■ Nor is there any other basis for reversing the denial of appellants' motion for a new trial. A district court's denial of such a motion will not be overturned unless the denial constituted an abuse of discretion, *Brady v. Chemical Construction Corp.*, 740 F.2d 195, 200 (2d Cir.1984); *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir.1978), and there plainly was no abuse of discretion here. The verdict was not against the clear weight of the evidence. The record reveals that a dozen witnesses testified at trial. The district judge's Opinion indicated that resolution of the issues depended on assessment of the credibility of the witnesses. Since the jury was the trier of fact, its credibility assessments were entitled to deference, *e.g., Tennant v. Peoria & Pekin Union Railway Co.*, 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944), and the district judge properly refrained from setting aside the verdict and granting a new trial.

B. *Appellants' Other Contentions*

Appellants also contend that they are entitled to a new trial because (1) Wade's claims were in part barred by the statute of limitations, and (2) the jury's verdict was excessive. Neither contention has merit.

■ The contention that all or part of an action is barred by the statute of limitations is an affirmative defense. Fed.R.Civ. P. 8(c). If not raised by the defendant in his answer, it is waived. *E.g., Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1155 (2d Cir.1968); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1278, at 339–41 & n. 39 (1969). Appellants nei-

ther raised such a defense in their answers to the complaint nor moved to amend their answers to add such a defense. Accordingly, the defense has been waived.

■ A jury's damage award may not be set aside unless " 'the award is so high as to shock the judicial conscience and constitute a denial of justice.' " *O'Neill v. Krzeminski*, 839 F.2d 9, 13 (2d Cir.1988) (quoting *Zarcone v. Perry*, 572 F.2d 52, 56 (2d Cir.1978)). The award here does not meet this test. There was evidence to support the view that appellants' actions repeatedly subjected Wade to humiliation at work and that their racially motivated harassment included imposing on him an unwarranted disciplinary sanction on the basis of a false charge by McLean, and causing the sanction to be reported in a countywide newspaper, thereby causing Wade unjustified public embarrassment. In light of all the evidence, the jury's award of $50,000 does not shock the judicial conscience.

CONCLUSION

We have considered all of appellants' arguments on this appeal and have found them to be without merit. The judgment is affirmed.