**Fernando GARCIA, Jr., Plaintiff,**

v.

**PPG INDUSTRIES, INC., Defendant.**

**Civ. No. 89–3549.**

United States District Court,
D. New Jersey.

Oct. 23, 1991.

**64**

Stewart Lee Karlin, New York City, for plaintiff.

Frederick W. Bode, III of Dickie, McCamey & Chilcote, Pittsburgh, Pa., David Kott of McCarter & English, Newark, N.J., for defendant.

## OPINION & ORDER

STANLEY R. CHESLER, United States Magistrate Judge.

### INTRODUCTION

This matter comes before the Court upon plaintiff's motion for a jury trial. This matter was referred to me by the Honorable Harold A. Ackerman. Oral Argument was heard on October 15, 1991.

### BACKGROUND

On August 21, 1989, plaintiff, Fernando Garcia, Jr., filed a Complaint and demand for jury trial with this Court. In his Complaint, plaintiff alleged that defendant, PPG Industries, Inc., terminated plaintiff's employment because of his national origin in violation of 42 *U.S.C.* § 1981 and 42 *U.S.C.* § 2000e–5.

In response, on October 25, 1989, defendant filed a motion to dismiss the Complaint pursuant to *Fed.R.Civ.P.* 12(b)(6). On March 9, 1990, this Court entered a Consent Order dismissing plaintiff's § 1981 claim with prejudice, withdrawing defendant's motion to dismiss, and granting plaintiff leave to amend. Thereafter, defendant filed its Answer.

On November 19, 1990, defendant filed a motion for summary judgment returnable March 25, 1991. Plaintiff then filed a motion for a trial by jury returnable May 13, 1991. Plaintiff's motion was adjourned pending the Court's ruling on defendant's summary judgment motion. On September 5, 1991, this Court entered an Order denying defendant's motion for summary judgment. Plaintiff now moves before this Court for a jury trial.

### DISCUSSION

In determining whether a plaintiff is entitled to a trial by jury, the Court must undertake two examinations. *See Cox v. Keystone Carbon Co.*, 861 F.2d 390, 393 (3d Cir.1988), *cert. denied,* —— U.S. ——, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990). First, the court must explore the language and legislative history of the statute under which the plaintiff claims he is entitled to a jury trial. *Id.* Then, if the statutory analysis fails to reveal a congressional intent to provide a jury trial, the court must examine the Seventh Amendment to the United States Constitution. *Id.*

### I. Statutory Analysis

The Supreme Court has yet to address directly the issue of whether Congress intended that a jury trial be provided upon demand under Title VII. Thus, to determine whether a statutory right to a jury

trial exists, the court must examine the procedural and remedial sections of the statute allegedly creating the right. *See Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987).

In *Lorillard, Div. of Loew's Theatres, Inc. v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), the Supreme Court's examination of the remedial provision of the Age Discrimination in Employment Act ("ADEA") resulted in the Court's holding that plaintiff was entitled to a jury trial under the ADEA. Although the Court recognized similarities between the aims and substantive prohibitions of the ADEA and Title VII, it found significant differences between the remedial provisions of the two laws. *Id.* at 584, 98 S.Ct. at 872. The remedial provision of the ADEA, unlike that of Title VII, "empowers a court to grant 'legal or equitable relief.' " *Id.* at 583, 98 S.Ct. at 871. The Court reasoned:

> The word "legal" is a term of art: In cases in which legal relief is available and legal rights are determined, the Seventh Amendment provides a right to jury trial.
>
> \*   \*   \*   \*   \*   \*
>
> We can infer, therefore, that by providing specifically for "legal" relief, Congress knew the significance of the term "legal," and intended that there would be a jury trial on demand....

*Lorillard,* 434 U.S. at 583, 98 S.Ct. at 871.

Similarly, in *Cox v. Keystone Carbon Co.,* 861 F.2d 390 (3d Cir.1988), *cert. denied* — U.S. —, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990), in determining plaintiff's right to a jury trial on an ERISA claim, the court began its analysis by studying the language of 29 *U.S.C.* § 1132(a)(3), the remedial provision of ERISA. *Id.* at 393. This provision, unlike the provision analyzed in *Lorillard,* provided that a civil action may be brought "to enjoin any act or practice ... or to obtain other equitable relief." *See id.;* 29 *U.S.C.* § 1132(a)(3). The court reasoned that by its use of the words, "equitable relief," Congress was cognizant of the significance of the term "equitable" and intended that no jury be available on demand. *Cox,* 861 F.2d at 393.

■   Section 2000e–5(g) of Title VII of the Civil Rights Act of 1964, 42 *U.S.C.* § 2000e *et seq.,* is similar to the ERISA provision examined by the Third Circuit in *Cox.* Section 2000e–5(g) provides, in pertinent part: "[T]he court may ... order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without backpay ..., *or any other equitable relief* as the court deems appropriate" (emphasis added). According to the Third Circuit's analysis, the term "equitable" as it is used in this remedial provision carries with it considerable indicia of intent. Thus, in fashioning Title VII with such remedial language, Congress appears to have intended that there not be a right to a jury trial under Title VII.

## II.  Seventh Amendment

Because this Court has concluded that Congress did not intend for plaintiffs to have a right to a jury trial in Title VII actions, the Court now must determine whether the Seventh Amendment mandates that a jury trial be provided upon demand. *See Cox,* 861 F.2d at 393; *Lubin v. American Packaging Corp.,* 760 F.Supp. 450, 454 (E.D.Pa.1991).

■   The Seventh Amendment to the U.S. Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The phrase "Suits at common law" refers to those suits in which legal rights are to be determined, not to suits where equitable rights alone are recognized and administered. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564–65, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519, 527 (1990) (*citing Parsons v. Bedford,* 3 Pet. 433, 447, 7 L.Ed. 732 (1830)).

■   In *Chauffeurs,* the Supreme Court set forth the proper analytical framework for determining whether a statutory cause of action creates legal or equitable rights and remedies. 494 U.S. at 565–67, 110 S.Ct. at 1345–46, 108 L.Ed.2d at 528. In deciding whether or not a particular action

will resolve legal rights, a court must examine both the nature of the issues involved and the remedy sought: "'First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.'" *Id.* (*quoting Tull v. United States*, 481 U.S. 412, 417–18, 107 S.Ct. 1831, 1835–36, 95 L.Ed.2d 365 (1987)). The Court deemed the second inquiry to be the more important analysis.[1] *Chauffeurs*, 494 U.S. at 565, 110 S.Ct. at 1345, 108 L.Ed.2d at 528.

In determining whether plaintiff is entitled to a jury trial in the case at bar, the Court must follow the analytical framework provided by the Supreme Court. First, the Court must examine the nature of the issue involved. The 18th-century courts of England did not recognize a cause of action for discriminatory employment practices. *See Lubin*, 760 F.Supp. at 454. Title VII, however, can be analogized generally to a combination of actions based in tort and contract. Therefore, because pre-Seventh Amendment common law required a jury trial in such analogous actions, a claim under Title VII arguably would be considered legal in nature. *See Id.* (*citing* C. Wright, *The Law of Federal Courts*, p. 610 (4th ed. 1983)).

The Court's determination under the first part of the analysis, however, is only preliminary. *Chauffeurs*, 494 U.S. at 570–71, 110 S.Ct. at 1347–48, 108 L.Ed.2d at 531. The Court now must examine the remedy sought by plaintiff; this examination is the crux of the Seventh Amendment analysis. *See Lubin*, 760 F.Supp. at 455 (*citing Beard v. Braunstein*, 914 F.2d 434, 438 (3d Cir.1990) (*citing Granfinanciera*, 492 U.S. 33, 109 S.Ct. 2782)).

In his Complaint, plaintiff seeks "such relief as the Court deems appropriate, including injunctive orders, damages, costs, and attorney's fees." The Supreme Court has noted that "[Title VII] expressly authorizes only equitable remedies." *Great American Federal Savings & Loan Assoc. v. Novotny*, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979); *see Chauffeurs*, 494 U.S. at 572, 110 S.Ct. at 1349, 108 L.Ed.2d at 533 (acknowledging backpay sought from an employer under Title VII as a form of equitable relief, as backpay generally is considered restitutionary, not compensatory, in nature).

Likewise, Courts of Appeal have deemed the remedies provided in 42 *U.S.C.* 2000e–5(g) equitable in nature. *See e.g. Snider v. Circle K Corp.*, 923 F.2d 1404, 1407 (10th Cir.1991); *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527 (11th Cir.), *cert. denied* — U.S. ——, 111 S.Ct. 353, 112 L.Ed.2d 317 (1990); *Wade v. Orange County Sheriff's Office*, 844 F.2d 951 (2d Cir. 1988); *Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290 (7th Cir.1987); *Shah v. Mount Zion Hospital and Medical Center*, 642 F.2d 268 (9th Cir.1981).[2]

---

1. Both Justice Brennan and Justice Stevens noted the needless confusion caused by performing the first step of the inquiry. *Chauffeurs*, 494 U.S. at 575–81, 110 S.Ct. at 1350–53, 108 L.Ed.2d at 534–37 (Brennan, J., concurring), 494 U.S. at 581–82, 110 S.Ct. at 1353, 108 L.Ed. at 538 (Stevens, J., concurring). Additionally, the Supreme Court repeatedly has emphasized that the nature of the remedy is the more persuasive factor in determining whether the Seventh Amendment guarantees a trial by jury under a particular statute. *Id.* 494 U.S. at 565, 110 S.Ct. at 1345, 108 L.Ed. at 528; *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Tull*, 481 U.S. at 421, 107 S.Ct. at 1837. Thus, because the availability of a trial by jury turns on the nature of the remedy, there remains little purpose in undergoing this burdensome historical inquiry.

2. The District of New Jersey has only considered this issue indirectly. In *Guyette v. Stauffer Chem. Co.*, 518 F.Supp. 521 (D.N.J.1981), plaintiffs brought an employment discrimination suit against their former employer pursuant to Title VII. In addition to their Title VII claims, plaintiffs brought pendent state law tort claims. With regard to defendant's motion to strike plaintiffs' demand for a jury trial, this Court held that "[i]n light of the fact that plaintiffs' state law claims have been permitted to stand, ... the legal remedies remain available. Since the case presents claims for legal as well as equitable relief, plaintiffs' demand for a jury trial will not be stricken." *Id.* at 527. Thus, the Court's holding implies that had the plaintiffs only brought a Title VII claim for equitable relief, a jury trial would not have been available.

Moreover, although Supreme Court has yet to determine specifically whether the Seventh Amendment dictates a jury trial under Title VII, it has addressed the issue indirectly. In its discussion of remedies available under Title VII, the Court in *Novotny* noted that "the courts have consistently held that neither party has a right to a jury trial." 442 U.S. at 375, 99 S.Ct. at 2350. Similarly, in *Chauffeurs*, in distinguishing the remedies available in a duty of fair representation case from those available in a Title VII action, the court "[a]ssum[ed], without deciding, that ... a Title VII plaintiff has no right to a jury trial." 494 U.S. at 572, 110 S.Ct. at 1348, 108 L.Ed.2d at 532; *see also Lehman v. Nakshian*, 453 U.S. 156, 163, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981) (in deciding whether the right to a jury trial existed under the ADEA, the Court expressed that "there is no right to trial by jury in cases arising under Title VII").

This Court is aware of only two districts holding that a plaintiff in a Title VII action is entitled to a jury trial. The district court in *Beesley v. Hartford Fire Ins. Co.*, 723 F.Supp. 635 (N.D.Ala.1989), held that the Seventh Amendment guarantees a jury trial when an employee seeks under Title VII lost wages or monetary compensation as a result of employment discrimination. *Id.* at 652. The court reasoned that backpay constitutes a form of compensatory or "legal" damages; therefore, an employee requesting recovery of backpay is entitled to a jury trial under Title VII. *Id.* at 643–46; *accord Walton v. Cowin Equipment Co., Inc.*, 733 F.Supp. 327 (N.D.Ala.1990), *rev'd mem.*, *vacated* 930 F.2d 924 (11th Cir. 1991), *cert. denied* — U.S. ——, 112 S.Ct. 86, 116 L.Ed.2d 58 (1991). In *Jenouri v.*

*WAPA–TV Pegasus Broadcasting*, 747 F.Supp. 118 (D.P.R.1990), the district court relied on the holding in *Beesley* and granted a jury trial to a Title VII plaintiff seeking compensatory damages.

The notion that backpay constitutes legal damages is contrary to the rulings of the Supreme Court. *See Chauffeurs*, 494 U.S. at 572, 110 S.Ct. at 1348, 108 L.Ed.2d at 532 (acknowledging backpay as equitable relief); *Curtis v. Loether*, 415 U.S. 189, 197, 94 S.Ct. 1005, 1010, 39 L.Ed.2d 260 (1974) (noting the restitutionary nature of backpay); *Lorillard v. Pons*, 434 U.S. at 584, 98 S.Ct. at 872 (1978) (stating that under Title VII, the availability of backpay is a matter of equitable discretion). Thus, this Court will not adopt the reasoning of the district courts for the District of Puerto Rico and the Northern District of Alabama.

### CONCLUSION

An examination of the remedial section of Title VII reveals that Congress did not intend to afford plaintiffs in a Title VII action a right to a jury trial. Moreover, the Seventh Amendment does not mandate that a jury trial be provided upon demand. Accordingly, this Court holds that plaintiff does not have a right to a trial by jury on his claim for legal relief under Title VII or under the Seventh Amendment to the Constitution. Therefore, plaintiff's motion for a jury trial is hereby DENIED.

SO ORDERED.

---

Although the District Court of New Jersey has not ruled directly on the issue of whether a plaintiff in a Title VII action is entitled to a jury trial, the District Courts of Pennsylvania have. In a recent decision, the District Court for the Middle District of Pennsylvania held that there exists no right to a jury trial in Title VII cases. *Mann v. J.E. Baker Co.*, 733 F.Supp. 885 (M.D.Pa.1990); *See also Davis v. Devereux Foun-*

*dation*, 644 F.Supp 482 (E.D.Pa.1986). The court in *Mann* expressly rejected the contrary view espoused in *Beesley v. Hartford Fire Ins. Co.*, 717 F.Supp. 781 (N.D.Ala.1989)(holding that employee's claim for backpay as result of employment discrimination was request for form of compensatory or legal damages, and, thus, employee had right to jury trial under Seventh Amendment).